UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TYREEK J. JACOBS,<br><br>        Plaintiff,<br><br>v.<br><br>PO ROBERT KEEGAN and<br>PATERSON POLICE DEPARTMENT,<br><br>        Defendants. | Civil Action No.<br><br>18-10038 (SDW) (LDW)<br><br>**REPORT & RECOMMENDATION** |

**LEDA DUNN WETTRE, United States Magistrate Judge**

This matter having been opened by the Court *sua sponte* based on plaintiff's failure to comply with this Court's orders and prosecute his case; and plaintiff having failed to respond to the order to show cause issued by this Court on November 6, 2018; and for good cause shown; it is respectfully recommended that plaintiff's case be dismissed without prejudice.

## BACKGROUND

On June 1, 2018, *pro se* plaintiff Tyreek Jacobs filed a complaint alleging that he suffered physical injuries after Officer Keegan and other officers of the Paterson Police Department assaulted him in the course of a May 2, 2018 arrest. (ECF No. 1). Jacobs was detained at the Passaic County Jail when he filed the complaint, and the Clerk's Office listed the address of the jail as his contact information on the docket. Although he was released shortly thereafter, communications from the Court continued to be sent to the Passaic County Jail; the jail refused to accept the Court's communications and returned them to sender. (ECF Nos. 9, 12, 19). In the meantime, defendant Officer Keegan answered the complaint and the Paterson Police Department moved to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF Nos. 17, 20). Plaintiff has not responded to the motion to dismiss.

In a letter order dated September 25, 2018, the Court set a Rule 16 telephonic initial scheduling conference for November 5, 2018 at 11:30 a.m. (ECF No. 18). After the letter order was returned to sender, the Court reviewed the only communication received from plaintiff to date – a motion for the appointment of pro bono counsel – and found that he had, in fact, provided a home address and telephone number. (ECF No. 7). The Court then updated the docket with plaintiff's contact information and, on or about October 17, 2018, resent a copy of the letter order to plaintiff's home address by U.S. Mail. The second-mailed letter order was not returned to sender.

Plaintiff failed to appear at the November 5, 2018 telephonic initial scheduling conference. Defense counsel attempted to contact plaintiff by phone immediately prior to the conference; the person who counsel spoke to confirmed that the contact information for plaintiff on the docket is up to date, but stated that plaintiff was not available to participate in the conference. (ECF No. 23). Thus, on November 6, 2018, the Court issued an order to show cause why the case should not be dismissed for failure to prosecute and directed plaintiff to appear in person at a show cause hearing on December 10, 2018 at 10:00 a.m. (ECF No. 24). The Court directed the Clerk to send copies of the order to show cause to plaintiff at the updated address by both certified and regular mail. (*Id.*). The certified mail return receipt was docketed on December 4, 2018, indicating that the order to show cause was delivered to plaintiff at his only known address. (ECF No. 25).

Counsel for the Paterson Police Department appeared at the December 10, 2018 show cause hearing, but plaintiff did not. To date, the Court has received no correspondence or other communication from plaintiff explaining his absences.

## ANALYSIS

The Federal Rules of Civil Procedure authorize the Court to impose sanctions for failure to respond to orders and for failure to prosecute a case. In both instances, dismissal may be appropriate. Fed. R. Civ. P. 37(b)(2), 41(b). In *Poulis v. State Farm Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), the Third Circuit identified six factors that courts should balance when deciding whether to impose an involuntary order of dismissal. The *Poulis* factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* at 868 (emphasis omitted). No single *Poulis* factor is determinative, and dismissal may be appropriate even if some of the factors are not met. *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). If a Court finds dismissal appropriate under *Poulis*, it may dismiss an action *sua sponte*, pursuant to its inherent powers and Rule 41(b). *Iseley v. Bitner*, 216 F. App'x 252, 254-55 (3d Cir. 2007) (per curiam) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). The Court addresses each *Poulis* factor in turn.

**1. Plaintiff's Personal Responsibility.** It appears that plaintiff is solely responsible for his failure to comply with the Court's order and to prosecute his case. The Clerk mailed copies of the Court's September 25, 2018 and November 6, 2018 orders to plaintiff at his most recent address. Plaintiff has not updated his contact information with the Court or attempted to contact the Court regarding his case. Therefore, it appears plaintiff is solely responsible for his actions, or lack thereof. *See Macon v. City of Asbury Park*, Civ. A. No. 07-1413 (MLC), 2008 WL 1882899, at *2 (D.N.J. Apr. 24, 2008) (finding plaintiff "solely responsible" for his failure to contact the

Court or counsel or update his contact information despite attempts to reach him through a forwarding address provided after his release from prison).

**2.    Prejudice to Defendants.** Plaintiff's failure to participate in advancing his case and complying with this Court's orders has prejudiced defendant. Plaintiff initiated this action on June 1, 2018, but the case has not been able to progress due to plaintiff's failure to appear at the Rule 16 conference and the December 10, 2018 hearing. Defendants also spent time and expense preparing their responses to the complaint and appearing at conferences that did not go forward due to plaintiff's failure to appear. Plaintiff's failure to comply with the Court's orders has prejudiced defendants and merits dismissal of this action.

**3.    History of Dilatoriness.** Plaintiff has a history of dilatoriness. Plaintiff has missed two court appearances, including the December 10, 2018 show cause hearing, despite being warned that failure to appear could result in dismissal of this action. Furthermore, plaintiff has not attempted to contact the Court or update his contact information with the Court. Nor has plaintiff attempted to contact defense counsel in response to attempts to reach plaintiff, according to counsel's representations by letter and during the December 10, 2018 hearing.

**4.    Willfulness or Bad Faith.** The Court will not conclude that plaintiff has proceeded in bad faith. It appears, however, that plaintiff has knowingly and willfully determined not to participate in this action, despite his apparent receipt of orders requiring his participation. These circumstances suggest that plaintiff has abandoned his case and further support dismissal as the appropriate remedy.

**5.    Effectiveness of Alternative Sanctions.** The record of plaintiff's unresponsiveness suggests that alternative sanctions would be futile. Despite several chances, and despite this Court's warning of the consequences of his continued inaction, plaintiff has failed to

4

participate in and prosecute his case. On these facts, no lesser sanction would appear to be effective.

6. **Meritoriousness of the Claims.** The Court is unable to determine the meritoriousness of plaintiff's claims at this time, given that this action has not progressed beyond the initial pleadings stage.

In sum, the *Poulis* factors favor dismissal. Plaintiff has failed to appear at a Rule 16 conference and a show cause hearing despite being served with notice of the hearings at his last known address. He has made no attempt to contact either the Court or defense counsel. The Court assumes plaintiff's last known address is his proper address, as he has not updated his contact information nor indicated otherwise that his address has changed. Accordingly, plaintiff's complete lack of participation suggests that he has abandoned this action.

## CONCLUSION

For the reasons stated above, this Court respectfully recommends that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** pursuant to Rules 37(b)(2)(A)(v) and 41(b) of the Federal Rules of Civil Procedure. The parties are advised that they may file an objection within 14 days of the date of this order pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure.

It is further **ORDERED** that the Clerk of Court is directed to send a copy of this Report and Recommendation to plaintiff at his last known address by regular and certified mail.

Dated: December 10, 2018

*Leda Dunn Wettre*
Hon. Leda Dunn Wettre
United States Magistrate Judge

Case 2:18-cv-10038-SDW-LDW  Document 26  Filed 12/10/18  Page 6 of 6 PageID: 84